United States District Court
Eastern District of New York

Ronald Molden

PLAINTIFF

—AGAINST—

Gregory Clarke, individually and in official capacity as a New York City police officer, the City of New York police Department, as an official arm of the city of New York, the City of New York, and John and Jane Doe

Defendants

Civil Action
TRIAL by Jury Demanded order of protection compensatory and Punitive damages law suit

CV10 - 0336

AMON, J.

BLOOM, M.J.

### PRELIMINARY STATEMENT

This civil action involves an intentional violation under state law, unlawful deprive the plaintiff of the fourth, fifth, eigth, and fourteen ammendments of the United States Constitution, and 42 U.S.C. § 1983.

### JURISDICTION OF THE DISTRICT COURT

This civil action arises under article III Section clause 1 Judicial power shall extend to all cases in law and equity;... article VI Supreme law of the land; the constitution and the law of the United States which shall be made in pursuance of all treaties made under the authority of the United States shall be the law of the land, and the Judges in every state shall be bond by that.

Ammendment V Specifically concerning criminal actions.... nor shall any state deprive anyone of their life, liberty or property without due process of the law, nor private property be taken for public use without Just compensation.

Ammendment XV Section 1. No state shall make or enforce any, which shall abridge the priviledges or immunities of citizens of the United States, nor shall any state deprive any person of life liberty or property without due process of the law; nor deny to any person within its jurisdiction the equal protection of laws.

Section—1983 42 U.S.C. § 1983 Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any state of Territory or the District of Columbia

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at lawsuit in equity, or other proper proceeding for redress.

## Parties to this civil action

1. Plaintiff: Ronald Molden
   Address: Downstate Correctional Facility
   Box F
   Red schoolhouse road
   Fishkill, New York 12524-0445

2. Defendants: Gregory Clarke, a New York city police officer
   New York City police department
   The City of New York

## Statement of Claim

- On September 26, 2009 the plaintiff was arrested by police officer Gregory Clarke badge #2224 of the New York City police department, at Dekalb and Bedford avenues in Brooklyn, NY at approximately 12:30 A.M., Plaintiff was handcuffed and placed in the police vehicle.

4. The plaintiff complained to the arresting officer that the handcuffs were extremely tight, and was cutting off his circulation, and hands were numb, the response was "Shut the fuck up."

5. The plaintiff was driven back four blocks away to the alledged scene of the crime for identification by the alledge victims. Once again the plaintiff informed the officer that he could not feel his hands that were numb. There was no response.

6. The plaintiff was taken to the 79th precint of the New York City police department their Brooklyn location. The plaintiff once again complained of numbness of his hands. The plaintiff was ignored once again.

7. Once inside the precint the plaintiff complained to the captain on duty at the time aka John Doe, that the handcuffs were tight and he could not feel his hands. The plaintiff was ignored.

8. Officer Gregory Clarke took the plaintiff and grabbed the plaintiff by the handcuffs, and raising it, causing the plaintiff extreme pain, in front of the captain on duty who was having a conversation with another captain. The plaintiff asked the captain could he please have the arresting officer to loosen the handcuffs, and the plaintiff was completely ignored.

9. The plaintiff was taken to the holding cell, and searched. The plaintiff complained of pain and numbness in hands and arm, asked to go to a hospital. The plaintiff was completely ignored by officer Gregory Clarke.

10. The next morning the plaintiff complained to the next shift of pain and problem to hands and arm, and needed to go to a hospital. At 1:00 p.m. an ambulance came and the plaintiff was examined by two (EMT) emergency medical techician, and the plaintiff was taken to Woodhull hospital in Brooklyn, NY.

11. At the hospital emergency room, the plaintiff was examined and X-rays were taken, and the attending physician told the plaintiff there was a possibility of nerve damage. The plaintiff was returned to the 79th precint.

12. The plaintiff while incarcerated at the New York City department of corrections facility on Rikers Island, requested medical care on October 15, 2009, at which time the medical unit physician reccommended the plaintiff to be seen by a specialist in neurologist.

13. On November 13, 2009, the plaintiff was taken to the medical unit for examination, and inquired about the neurologist appointment, and the attending physician told he would be seen soon, the plaintiff still complained of pain in arm and numbness of hands.

14. On November 30, 2009 the plaintiff was transferred to the New York state department of corrections at Downstate correctional facility at Fishkill New York, were he has been examined concerning his injury, and given proper medication.

15. On December 24, 2009, the plaintiff was examined by the medical staff and given medicine for pain. On December 31, 2009, the plaintiff was examined by the medical staff when was also noticed on his left hand an abnormality, which the facility medical staff told plaintiff that the hand numbness and the abnormality would have to be addressed by a specialist.

## Closing statement

The plaintiff now states that his civil rights were violated under U.S.C. 42, § 1983, 8th ammendment under the deprived deliberate indifference clause of the United States constitution, that his civil rights were violated and there was tort, and unnecessary physical force used during his arrest, that has caused permanent nerve damage, which falls under the direct Municipal Liability clause on the city of New York, since the New York City police department is on agency and direct arm of the city of New York, and makes the city of New York liable for the action of its agency the New York city police department.

## Relief Sought

Plaintiff, Ronald Molden, seeks, relief in the form of.
- An order of protection from officer Gregory Clarke and the New York City police department. For the Jury to reccommend for the criminal prosecution of police officer Gregory Clarke by the State attorney for the tort and criminal violation of the plaintiff civil rights. For the Jury to reccommend from Gregory Clarke the compensation and punitive damages in the amount of $359,000 (three hundred fifty nine thousand dollars), individually, and for the Jury's reccommendation on the latter.
2. The plaintiff seeks further relief from the city of New York and the
- New York police department in the amount of $300,000 (three hundred thousand dollars), for the lack of supervision, and allowing the parties of its police officer to go on unpunished, and adopting the actions of officer Gregory Clarke on a unofficial custom and policy. For the Jury to also award punitive damages.

Signed on this 04 January 2010,
I declare under penalty of perjury
that the foregoing is true and correct.

_Ronald Molden_
Ronald Molden
pro/se

Sworn to be before me on
this 4 day of JAN 2010

_Notary Public_

Date of birth – 1963
Social Security – XXX-XX-6748
Din# 09A5890